```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRIAN LAYTON,<br><br>           Petitioner<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 12-1926 (JBS)<br><br><br>**OPINION** |

APPEARANCES:

Brian Layton
Reg. No. 41757-050
FCI Victorville Medium II
Satellite Camp
P.O. Box 5300
Adelano, CA 92301
     Petitioner Pro Se

Paul J. Fishman, United States Attorney
By: Matthew J. Skahill, Assistant United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101
     Attorney for Respondent United States of America

**SIMANDLE**, Chief Judge:

I. **INTRODUCTION**

     This matter comes before the Court on the motion of Respondent United States ("Respondent") to dismiss Petitioner's request to vacate, set aside, or correct his sentence. Petitioner Brian Layton ("Layton" or "Petitioner") brings this

motion for relief pursuant to 28 U.S.C. § 2255.  On February 9, 2010, Layton pled guilty to an Information charging him with eight separate counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  Petitioner was sentenced on January 6, 2011 to 120 months imprisonment, concurrent on all counts, followed by three years of supervised release. Petitioner asserts, <u>inter alia</u>, that his retained counsel at sentencing, Paul A. Sarmousakis, was ineffective in failing to request downward departures for overstatement of criminal history, psychological disability, and medical issues.  Additionally, Petitioner claims his counsel at the plea negotiation, Assistant Federal Public Defender Lori M. Koch, was ineffective.  For the reasons discussed herein, Petitioner's application for relief under 28 U.S.C. § 2255 will be denied as counsel were effective and made appropriate motions and objections during the course of the underlying criminal action.

**II. BACKGROUND**

Petitioner pled guilty to an Information charging him with eight counts of bank robbery, in violation of 18 U.S.C. § 2113(a). On January 6, 2011 this Court sentenced Layton to 120 months imprisonment, followed by three years of supervised release, and ordered him to pay full restitution.

At arraignment, Petitioner was represented by Lori M. Koch.  However, for sentencing, Layton was represented by court-

appointed attorney Paul A. Sarmousakis.  Layton appealed the judgment of this Court, and on December 22, 2011, the Third Circuit Court of Appeals affirmed the judgment of conviction and sentence imposed on Layton.  Layton timely filed a petition for relief under § 2255 on March 30, 2012. [Docket Item 1.] However, upon being advised of the Third Circuit Court of Appeals decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), Petitioner withdrew his original petition, and filed an all inclusive § 2255 petition on May 9, 2012. [Docket Item 5.] In Petitioner's all inclusive application for relief pursuant to § 2255, he alleges that Mr. Sarmousakis provided ineffective assistance of counsel insofar as he failed to move for downward departures based on psychological conditions and medical issues, and he failed to object to criteria within the Presentence Report ("PSR").  Likewise, Petitioner argues Ms. Koch provided ineffective assistance of counsel during the plea negotiation.

**III. DISCUSSION**

Title 28 U.S.C. § 2255 permits a prisoner in custody under a sentence of a federal court to move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426 (1962).

Petitioner argues that he is entitled to relief under 28 U.S.C. § 2255 because he was denied effective assistance of counsel.  In order to succeed in a habeas corpus petition based

3

upon an argument of ineffective assistance of counsel, a petitioner must show that (1) the counsel's performance was deficient, and (2) this deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).  To satisfy the first requirement, the petitioner must show that counsel's representation fell below an "objective standard of reasonableness" and outside the range of competent assistance demanded from criminal defense attorneys.  Id. at 688; see also United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). An evaluation of the attorney's performance must be made from the attorney's perspective at the time of the alleged error, and should indulge a strong presumption that counsel's performance is within a wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.  Due to the array of acceptable strategies by which an attorney can defend a client, and the difficulties inherent in making the evaluation, the petitioner must overcome the presumption that the challenged action "might be considered sound trial strategy" under the circumstances. Id. at 689.

     To meet the second requirement of prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Furthermore, the petitioner must establish a reasonable probability, one that is

4

sufficient to undermine confidence in the outcome, that the jury's verdict would have been different if not for the attorney's errors. Id.

**A. Effectiveness of Attorney at Sentencing**

After reviewing the record, and for the following reasons, the Court concludes Petitioner's attorney, Paul Sarmousakis, was effective at all stages of sentencing.  Mr. Sarmousakis was reasonable in declining to request downward departures for psychological disabilities and medical ailments.  In addition, Petitioner was not prejudiced by counsel's decisions not to move for the aforementioned downward departures because Petitioner was not entitled to downward departures on these grounds in any event. Finally, Mr. Sarmousakis did object to Petitioner's total criminal history points and had the total reduced by one point, and no further entitlement to reduction has been shown by Petitioner.  Therefore, counsel's performance was effective and cannot serve as a basis for Petitioner's § 2255 motion.

　　1. <u>Failure to Request a Downward Departure for Overstatement of Criminal History</u>

Petitioner argues that counsel was ineffective for failing to request a downward departure under <u>United States v. Shoupe</u>, 988 F.2d 440 (3d Cir. 1993), which held that a downward departure under U.S.S.G. § 4A1.3 is justified in cases where a defendant's criminal history significantly over-represents the

seriousness of the defendant's past criminal conduct and future threat to society.  In support of his argument, Petitioner notes that while he had numerous prior encounters with law enforcement, all but one were non-violent and minor. Additionally, Petitioner notes that the alleged domestic violence between him and his former spouse was a misunderstanding that was cleared up.

The advisory Guideline Range was determined by Total Offense Level 29, Criminal History Category III, for a recommended range of 108-135 months.  The Criminal History Category of III was properly computed based upon convictions for driving under the influence (sentenced April 23, 2001 and May 5, 2003) counting one point each (see PSR ¶¶ 134 & 140).  A third conviction for DUI in 2006 brought 180 days incarceration and ten years loss of driver's license and registration (see PSR ¶ 147), and two more Criminal History points.  (Id.)  Another Criminal History point was awarded for Layton's conviction for eluding, wherein he pled guilty in state court on January 26, 2010 and was to receive a three-year flat term of imprisonment concurrent with his sentence in the present federal case.  (PSR ¶¶ 152-154.)  Thus, when sentenced in the present case, Layton had amassed 5 criminal history points and some significant time of imprisonment, placing him into Criminal History Category III.

Any motion for a downward departure under U.S.S.G. §

6

4A1.3(b) due to overrepresentation of the seriousness of defendant's criminal history and likelihood of committing other crimes would have clearly been futile.  Defense counsel paid attention to Layton's criminal history and had succeeded at sentencing in eliminating one prior conviction from consideration (see PSR ¶ 136).  Five other convictions in municipal court occurred from 1997 through 2010 (PSR ¶¶ 126, 128, 138, 145 & 149) and were not included in the assessment of points, but these also show a pattern of lawless behavior and disrespect for authority typical of Category III.  Counsel was not ineffective for failing to raise this issue under U.S.S.G. § 4A1.3(b).  The petition is denied on this ground.

    2.   Failure to Seek Downward Departure for Aberrant Behavior

The Respondent United States contends that Petitioner did not meet the requirements for a downward departure under U.S.S.G. § 5K2.20.  First, Respondent acknowledges that the bank robberies to which Petitioner pled guilty were more serious than the typical crimes in Layton's criminal history. In addition, the Respondent maintains there is no indication that Petitioner was a law abiding citizen, as evidenced by his numerous DUIs and other arrests and convictions in municipal courts.  Furthermore, Respondent argues that a downward departure was not appropriate because the robberies required significant planning.  Respondent

7

cites Layton's targeting of specific banks and ability to evade law enforcement to carry out his plan.

According to U.S.S.G. § 5K2.20, a "court may depart downward under this policy statement only if the defendant committed a single occurrence or a single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law abiding life." Here, Petitioner does not satisfy any of the requirements set forth in U.S.S.G. § 5K2.20. First, Petitioner himself acknowledged during the sentencing that he significantly planned for each robbery as he needed to "build [himself] up to it." (Tr. 24:24 – 25.) Second, the eight bank robberies took place over one year, and therefore were not limited in duration. This pattern of robberies was hardly spontaneous. Any motion at sentencing for a downward departure on grounds that Layton's crimes were aberrant behavior under U.S.S.G. §5K2.20 would have been promptly denied for these reasons. Accordingly, Petitioner's claim for ineffective assistance of counsel must fail because counsel's performance was objectively reasonable, and the present petition will be denied on this ground.

### 3. Failure to Move for a Downward Departure on Grounds of Psychological Disability

Next, Petitioner argues that his counsel at sentencing was ineffective for failing to move for a downward departure under U.S.S.G. § 5H1.3 for alleged psychological conditions. (Pet. Am. § 2255 Mot. at 9.)  Layton further argues that his attorney should have introduced a psychological report, specifically Dr. Gerald Cooke's evaluation of Petitioner ("Cooke Report"), to the Court. Petitioner describes his behavior at the time of the crimes as desperate, abnormal, and aberrant and relies on the Cooke Report, as well as testimony by his former wife and son, to support that notion.

It is clear upon the record that Layton did not meet the standards for a downward departure based on psychological conditions.  According to the Cooke Report, the exhibit relied on by Petitioner, Layton is relatively normal compared to the male prison population (Pet. Ex. 1 at 6) and suffered little mental hardship throughout childhood (Pet. Ex. 1 at 2).  It is apparent that Petitioner does not qualify for a downward departure under U.S.S.G. § 5H1.3.

U.S.S.G. § §5H1.3 provides that "mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual

9

degree and distinguish the case from the typical cases covered by the guidelines." Ultimately, the Cooke Report concludes, "Mr. Layton has less of the psychopathic behaviors, attitudes, and personality characteristics than does more than 86% of the male prison population." (Pet. Ex. 1 at 6.)  Consequently, the Cooke Report provides greater support that Layton is normal, not aberrant or psychologically deviant.  In fact, Layton denied having any mental or emotional problems when interviewed by the Probation Office, in which he was also cooperative and friendly. (PSR ¶ 181).

Being that Petitioner was evaluated to be relatively normal and appeared alert and functional in his interview with the Probation Office, his counsel was not ineffective for failing to introduce the Cooke Report during sentencing or request a downward departure under U.S.S.G. § 5H1.3 for psychological conditions.

### 4. Failure to Move for A Downward Departure on Grounds of Medical Issues

Petitioner argues that his attorney at sentencing should have requested a downward departure based on Layton's medical ailments.  Petitioner alleges that he suffers from severe knee and hip issues.  He has had three operations on his knees and has severe arthritis in each of his hips.  Further, Petitioner alleges "[his] medical situation at the time of sentencing was

10

pretty bad, but not visual wise, but since it has actually gotten worse." (Pet. Resp. to Resp't Mot. to Dismiss at 1; [Docket Item 8].) Layton also argues that if his attorney submitted x-rays and medical evaluations to the Court the outcome would have been different because the Court was unaware of Petitioner's medical conditions. Id.

Respondent maintains that Petitioner's medical conditions do not rise to a level meriting a downward departure. Additionally, Respondent argues that Petitioner's conditions can be effectively treated while Petitioner is incarcerated. Respondent cites United States v. Brooks, 308 F.3d 17 (D.C. Cir. 2002), in which the court denied an 82-year-old defendant's motion for a downward departure because it was not extraordinary enough. While Brooks is not binding on this Court, it demonstrates how severe medical issues must be to justify a downward departure. Also, Respondent states that the Court considered Layton's ailments because they were addressed in the Presentence Investigation Report.  Finally, Respondent argues that a lack of severity of Petitioner's injuries is evidenced by the manner in which he executed the bank robberies (travel by bike and running from police).

U.S.S.G. § 5H1.4 provides that "physical condition. . . may be relevant in determining whether a departure is warranted, if the condition. . . individually or in connection with other

11

offender characteristics. . . is present to an unusual degree and distinguishes the case from typical cases covered by the guidelines."

Petitioner's hip and knee ailments at the time of sentencing fell short of this standard. These are not extraordinary injuries and can be treated where Defendant is detained.[1]

Considering this, Petitioner is unable to meet the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner cannot show that Mr. Sarmousakis' representation fell below an objective standard of reasonableness. His prior knee surgeries, which began in 1979, and his osteoarthritis in the hips and other locations as of 2008, were outlined in PSR ¶ 180. The Court was thus well aware of Layton's medical ailments. These ailments were not severe enough to hinder Layton from committing eight bank robberies and fleeing by bicycle (PSR ¶¶ 16-23), as the Court noted at sentencing. (Tr. 19:4-6.) These physical conditions were not

---

[1] Petitioner himself acknowledged that he is receiving medical care at his current facility: (1) "I've had a blood pressure condition that finally seems to be under control with medication along the [11] pills I take dail[y] for pain associated with my arthritis." (Pet. Resp. to Resp't Mot. to Dismiss at 2) and (2) "The staff here keep trying to get me into a wheel chair. The doctors, here Dr. Villalon and Dr. Redix have me in for medical transfer, since the x-rays reveal I need four surgeries." (Pet. Response to Respondent Mot. to Dismiss at 1.)

sufficiently severe to warrant a downward departure under U.S.S.G. §5H1.4.

Second, Layton is not prejudiced by counsel's representation. In fact, Mr. Sarmousakis attempted to obtain a sentence below the guidelines for Petitioner under <u>United States v. Booker</u>, 543 U.S. 220 (2005) because of his health. (Tr. 18:14 – 23.) The Court did not grant a variance and instead issued a sentence consistent with the guidelines. Since, according to Petitioner, his health has deteriorated since being imprisoned, he was in better health at the time of sentencing and counsel had no reason to move for a downward departure.

Accordingly, Layton's ineffective assistance of counsel claim with respect to counsel's failure to move for a downward departure due to Petitioner's medical issues is without merit.

5. <u>Petitioner's Counsel Raised All Appropriate Objections to the Presentence Investigation Report</u>

Petitioner argues that his counsel at sentencing was ineffective for not making appropriate objections to the Presentence Investigation Report ("PSR"). Overall, Layton feels the PSR overstated his criminal history. Petitioner is concerned with "Objections and responses to PSI report that my counsel (Paul A. Sarmousakis) refuses to Motion the Court over and/or just didn't proceed to address before, or during sentence." (Pet. Am. §2255 Mot. at 3) Layton argues that by not

13

explaining past court dismissals and other inquiries he was prejudiced. Petitioner continues to cite his previous general lack of aggression and minimal time incarcerated as reasons to support his argument that his sentence was too lengthy.

Respondent counters by arguing that this issue was previously addressed and defense counsel was effective at Sentencing. After reviewing the sentencing report and defense counsel's objections, the court amended ¶ 136 of the PSR to reflect a reduction in criminal history points. (Tr. 10:10 – 23.) The Court found that all other criminal convictions were properly incorporated into the PSR.

Further, the Third Circuit previously determined that the Petitioner's argument that the PSR overstates his criminal history was without merit. (<u>United States v. Layton</u>, App.No. 11-118 (3d Cir. Oct. 2008, 2011) at 5; 2011 U.S. App. LEXIS 25667.) The Third Circuit held this Court made all appropriate considerations under 18 U.S.C. § 3553(a) when sentencing Petitioner.

Here, Petitioner cannot meet the <u>Strickland</u> standard. Counsel's performance was not deficient. Counsel argued all reasonable issues, prevailing upon some at sentencing.[2]

---

[2] Petitioner makes an argument concerning the effectiveness of his counsel during the plea negotiation, Lori Koch. Layton argues that he has a constitutional right to a competent lawyer's advice when negotiating a plea agreement and

14

Since the Court has determined that none of Petitioner's arguments in support of his § 2255 motion have merit, the Court will deny Petitioner's motion to vacate, alter or amend his sentence and this action will be closed.

**B. Certificate of Appealability**

There is no appeal as of right in Section 2255 cases. Rather, the prisoner must obtain leave to appeal by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) ("Congress mandates that a prisoner seeking post-conviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, petitioner must first seek and obtain a COA [certificate of appealability]."); Barefoot v. Estelle, 463 U.S. 880, 893 (1983). In different terms, a Petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, at 484 (2000).

---

ambiguously implies that he was denied competent assistance by Ms. Koch.  Since Petitioner has provided no factual basis for this argument, the Court will disregard it as it is unsupported by any record evidence.  The Court will deny the petition on this ground.

15

No such issue is present and Petitioner is denied a Certificate of Appealability. Petitioner is reminded that he has no right to appeal, but may seek a Certificate of Appealability from the Third Circuit Court of Appeals. Federal Rule of Appellate Procedure 22(b), as amended by AEDPA in 1996 and thereafter revised by the Supreme Court in 1998 and again in 2009, sets forth the procedure by which habeas corpus petitioners and section 2255 movants can seek a COA from a circuit judge or the court of appeals in the event the district court denies a request for a COA, and exempts states and the United States and their representatives from having to comply with the COA requirement.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the representation provided by his counsel was effective and Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be denied.


**March 4, 2013**                         **s/ Jerome B. Simandle**
Date                                       Jerome B. Simandle
                                           Chief U.S. District Judge